Laurie R. HAMLETT, Appellant,

v.

Evelyn HOLCOMB, Individually
and d/b/a The Real Estate
Company, Appellee.

No. 13–00–685–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 2002.

Joseph R. Preston, McAllen, for Appellant.

Mark W. Walker, Passmore, Walker & Twenhafel, L.L.P., McAllen, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Laurie R. Hamlett, who was selling her home, sued her listing broker, Evelyn Holcomb, Individually and d/b/a/ The Real Estate Company ("Holcomb"), and a prospective purchaser, Ricardo V. Soto, when Soto failed to obtain financing and terminated his contract to purchase appellant's home. The trial court granted Holcomb's motion for summary judgment against appellant, and this appeal ensued. We affirm the judgment of the trial court.

### Background

Appellant brought suit against Holcomb and Soto as a result of the failed contract for the purchase of her home. In appellant's original petition, she alleged that, at all times during the sales transaction with purchaser Soto, "Defendant Holcomb was

the representative of the Plaintiff and owed Plaintiff a fiduciary duty." The petition further alleged that:

> Defendant Soto breached the contract and refused to close the transaction as provided in the contract. Defendant Holcomb encouraged Defendant Soto in this breach and tried to persuade Plaintiff to allow the breach to take place without any compensation to Plaintiff. These actions on the part of Holcomb constitute tortious interference in Plaintiff's contract with Soto and breach of fiduciary duty.

Holcomb counterclaimed against appellant for, *inter alia,* attorney's fees under the listing agreement, which provided for the award of attorney's fees to the prevailing party in any legal proceeding resulting from transactions related to the listing. Appellant answered, and asserted her own "counterclaim" against Holcomb pursuant to rule 13 of the Texas Rules of Civil Procedure, claiming that "the allegations contained in the counterclaim filed by [Holcomb] are groundless, made in bad faith and for the purposes of harassment." *See* TEX.R. CIV. P. 13 (allowing sanctions for groundless pleadings). Appellant sought judgment for attorney's fees and costs of defending against the counterclaim.

Holcomb's motion for summary judgment asserts that, prior to closing, Soto repudiated the earnest money contract when he lost his job and his lenders refused to loan him the necessary money to complete the transaction. According to the earnest money contract, Soto was allowed to terminate the contract if his financing failed, and if so, the earnest money was to be refunded to him. Thus, Holcomb moved for summary judgment on grounds that: (1) all of appellant's claims arose from the failed sale to Soto, (2) appellant failed to produce any evidence of her claimed damages despite being sanctioned for failing to do so, (3) appellant later sold her house for the same price as that provided in the failed earnest money contract with Soto, thus abrogating any claim for damages, (4) any damages were the result of contractually excused behavior given that Soto was not obligated to comply with the earnest money sales contract because his financing failed, and (5) any liability on the part of Holcomb was merely derivative of liability on the part of Soto, and Soto was not liable. Holcomb attached and incorporated summary judgment evidence, including, among other items, the earnest money contract, the listing agreement between appellant and Holcomb, the motion for summary judgment filed by co-defendant Soto, and appellant's deposition testimony wherein she admitted each of her causes of action against Holcomb stemmed entirely from the failed sale to Soto. Holcomb sought a "take nothing" judgment on all of appellant's claims against her. The trial court granted judgment in favor of Soto and Holcomb, and awarded attorney's fees and court costs to Holcomb.

Appellant raises two issues on appeal: (1) the trial court committed reversible error by granting appellee's motion for summary judgment on appellant's cause of action for breach of fiduciary duty; and (2) the trial court erred by granting a summary judgment on all issues when there was no summary judgment evidence to show that appellant's rule 13 counterclaim should be denied as a matter of law.

### Traditional or No Evidence Motion for Summary Judgment

When reviewing a summary judgment, an appellate court must first determine whether the trial court granted the summary judgment on traditional or "no evidence" grounds. *Compare* TEX.R.

CIV. P. 166a(c) (regarding traditional summary judgment) *with* TEX.R. CIV. P. 166a(i) (regarding no evidence summary judgment). This is a critical distinction that must be made in order to avoid improperly shifting the burden of proof. *See Michael v. Dyke,* 41 S.W.3d 746, 750–51 n. 3 (Tex. App.—Corpus Christi 2001, no pet.). When it is not readily apparent to the trial court that summary judgment is sought under rule 166a(i), the appellate court will presume that the motion is filed under the traditional summary judgment rule and analyze it accordingly. *See id.*

 In the instant case, it is not readily apparent that Holcomb's motion for summary judgment was premised on no evidence grounds. Portions of the motion read as a "no evidence" motion:

As Plaintiff has produced no documentary evidence of her claimed damages, Defendant Holcomb should be granted judgment that Plaintiff take nothing on such claims underlying her unsupported claims for damages.

Plaintiff has the burden to produce evidence supporting her claims, and she has produced none, either in response to Defendant Holcomb's discovery, in response to Soto's Motion For Summary Judgment, or in response to this Motion for Summary Judgment. Defendant Holcomb seeks, and is entitled to, a "no evidence" summary judgment on all Plaintiff's claims.

However, despite the foregoing language, the motion attaches and incorporates summary judgment evidence, requests summary judgment on Holcomb's affirmative claim for attorney's fees, and asserts that appellant's claims against Holcomb are legally barred. All of these factors are indicative of a motion for summary judgment premised on traditional grounds. We therefore review the summary judg-

ment under the traditional standard of review. *Id.*

 In a traditional summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be resolved in favor of the nonmovant. *Id.*

 The record before us fails to contain any indication that Hamlett filed a response to Holcomb's motion for summary judgment. However, the nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex. 2000). A motion for summary judgment must stand on its own merits. *See id.* Accordingly, the nonmovant need not respond to the motion to contend on appeal that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *Id.; Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). According to the summary of appellant's argument, "fact issues existed concerning the breach of fiduciary duty claim, and the Rule 13 claim," and, because Holcomb's motion for summary judgment did not "specifically address" appellant's Rule 13 claim, summary judgment should have been denied. These are attacks on the legal sufficiency of the summary judgment, and we will review the judgment accordingly.

### Analysis

Our analysis of the summary judgment begins with an examination of the earnest money contract between appellant and Soto. This contract is unambiguous. *See R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980) (ambiguity of contract is question of law for court to decide). Under the express terms of the contract, Soto was entitled to repudiate the contract if his financing failed. According to the uncontradicted summary judgment evidence, Soto's lender refused to loan him the money necessary to purchase appellant's home. We conclude that, as a matter of law, Soto did not breach the contract. *See Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex.1996) (an unambiguous contract will be enforced as written). All of appellant's claims against Holcomb are grounded solely on the theory that Soto breached the earnest money contract to purchase appellant's home. Because appellant premised her breach of fiduciary duty claim and tortious interference claim on Soto's alleged breach of contract, our conclusion on the contract issue necessarily disposes of appellant's claims against Holcomb. *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000) (failure of a claim for breach of contract necessarily defeated claim for breach of fiduciary duty that depended on breach of contract); *see Ernst & Young L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex.2001) (failure of a claim for fraud necessarily defeated dependent conspiracy and "aiding and abetting" claims).

Appellant alleges that Holcomb's motion for summary judgment failed to encompass or address appellant's counterclaim against Holcomb. As discussed earlier, appellant asserted a "counterclaim" against Holcomb, claiming that "the allega-tions contained in the counterclaim filed by [Holcomb] are groundless, made in bad faith and for the purposes of harassment." Appellant sought to recover her attorney's fees and costs of defense.

As an initial matter, we note that the judgment in this case states with unmistakable clarity that it is a final judgment as to all claims and all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex.2001). Further, the motion for summary judgment expressly references "Plaintiff's live pleadings," and thus encompasses appellant's counterclaim. Moreover, by awarding attorney's fees to Holcomb, the trial court found Holcomb's counterclaim to be meritorious and not groundless, and thus, in effect, denied appellant's "counterclaim" against Holcomb. *See* Tex.R. Civ. P. 13.

We overrule each of appellant's issues on appeal, and conclude that the trial court properly granted summary judgment in favor of Holcomb. The judgment of the trial court is affirmed.