COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-230-CV

 

 

LYNN DUNAVIN, INDIVIDUALLY AND                                      APPELLANT

D/B/A
DIVA DESIGNS

 

                                                   V.

 

MINDY MEADOR, THERESA MARTINEZ,                                   APPELLEES

JACQULIENE
DYAN, AND MONIQUE RODEN

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Lynn Dunavin
appeals a trial court order imposing sanctions against her in the amount of
$8,521.20 in favor of Appellees Mindy Meador, Theresa Martinez, Jacquliene
Dyan, and Monique Roden.  In six issues,
Appellant argues that she did not receive an adequate motion for sanctions nor
written notice of the hearing; that there is no basis for sanctions under Texas
Civil Practices and Remedies Code chapters 9 or 10 nor Texas Rule of Civil
Procedure Rule 13; and that there is no factual basis for sanctions nor any
factual basis to support the amount awarded to Appellees.  We modify the trial court=s order and affirm it as modified.

                                            Background

Appellees are employees of a
beauty salon and spaCLovell
Salon, Inc.Cowned and
operated by Judy Lovell.  Appellant
opened a jewelry store called Diva Designs next door to the Lovell Salon in
March 2004. 








In July 2004, Appellant sued
Lovell, Lovell Salon, Inc., and five AJane Does@ for libel,
slander, stalking, and intentional infliction of emotional distress, alleging
that Lovell or her employees had placed defamatory signs on Appellant=s property.[2]  After obtaining the names of Lovell=s employees, Appellant joined six of the employeesCincluding AppelleesCas defendants in February 2006.[3]  On May 10, 2006, Appellees filed first
amended answers, asserting general denials and seeking sanctions under chapters
9 and 10 of the Texas Civil Practices and Remedies Code and under Rule 13 of
the Texas Rules of Civil Procedure. 

Appellant deposed Appellees
on September 11, 2006.  On September 19,
2006, Appellant nonsuited her claims against Appellees Meador, Martinez, and
Dyan.  Appellee Roden remained a
defendant, ostensibly because her handwriting exemplar (including misspelling
the word Alaundering@ as Alaundrying@) was similar to that found on the signs placed outside Appellant=s business.  The trial court set
the case for trial for the week of January 22, 2007, but it was not
reached.  On that date, Appellant filed a
motion to nonsuit all remaining defendants. 
On January 25, 2007, the trial court held a sanctions hearing. 








The parties presented the
following evidence at the sanctions hearing. 
Appellant, a legal assistant and real estate broker, testified that she
drafted the pleadings in this suit, as well as requests for production, interrogatories,
and requests for admission for her lawyerCwho was also her employerCto review and sign.  She only
met Lovell one time, and that was when she was opening her boutique next door
to Lovell=s
salon.  Then a series of events happened
that caused her to believe Asomething was going on.@  A note was left on her car by
Lovell about bags of trash on her back porch. 
She received a letter from Lovell advising her that a fence she put up
was on Lovell=s property
and visually offensive.  A few days
later, she found tree limbs and trash in front of her front door.  Someone painted a sign on her curb that said,
ASome village is missing an idiot.@  Appellant testified that these
events were Amean@ and Ahateful@ and formed the basis for her suit against Lovell.  

Appellant testified that
someone placed objectionable, handwritten signs in the yard in front of her
shop when she was vacating the premises. 
She formed the belief that at least two people wrote the signs because
it looked like there were two different handwritings.  Based on that belief, she joined Appellees in
the suit against Lovell, claiming intentional infliction of emotional distress,
defamation, and stalking.  She decided Lovell=s employees were involved based, in part, on the notes Lovell left for
her and Lovell=s Apattern@ of
behavior.  She did not know who was
responsible for the signs.  She did not
see anyone put them up and had no personal knowledge that any Appellee did
it.    








Appellant said that she
joined Meador so that she could take her deposition and try to determine if she
had any involvement.  She acknowledged
that she knew from her experience as a legal assistant that one can probably
depose a witness without joining them as a party to a suit and that she had
sent deposition notices to nonparty witnesses. 
Her lawyer deposed Appellees and found no involvement by Meador, Martinez,
or Dyan, and dropped them from the suit by amended pleading in September of
2006.  Appellant testified that she had
no personal knowledge and no evidence that Roden put up the signs, but Roden=s misspelling of Alaundering@ in her
handwriting exemplar was the same as the misspelling in one of the offensive
signs. 

After hearing evidence and
argument, the trial court entered an order dismissing Appellant=s suit andCregarding
Appellees= motions for
sanctionsCordering as
follows:

The
Court, having considered [the sanctions motions] and being fully advised of the
premise and having heard the evidence and argument of counsel thereon, finds
that the motions for sanctions . . . are well taken and should be granted and
that Plaintiff Lynn Dunavin presented no evidence to support the claims that
she made against [Appellees].  

 

The Court further finds that [Appellees] incurred
reasonable and necessary attorneys= fees in the sum of
$8,521.20, in connection with defending this suit, and that an appropriate
sanction herein, would be to award judgment against Lynn Dunavin and in favor
of [Appellees].  [Emphasis added.]

 

This appeal followed.

                                             Discussion

A.     Standard
of Review








We review the imposition of
sanctions under an abuse of discretion standard.  Low v. Henry, 221 S.W.3d 609, 614
(Tex. 2007).  An appellate court may
reverse the trial court=s ruling
only if the trial court acted without reference to any guiding rules or
principles, such that the ruling was arbitrary or unreasonable.  Id.

B.     No
Written Notice of a Hearing and No Motion for Sanctions

In her first issue, Appellant
argues that the trial court held a hearing without proper written notice and
that there was no pending motion for sanctions for the trial court to consider.


1.     Notice of Hearing

Appellant argues that she did
not receive written notice of a hearing on Appellees= request for sanctions; she contends that she received only a
telephone call from the trial court on January 23, 2007, notifying her of the
hearing on sanctions scheduled for January 25, 2007.  Appellant argues that the trial court abused
its discretion by orally scheduling a hearing without written notice.

As a general rule, a court is
required to provide the subject of a sanctions motion with written notice of
the allegations and a reasonable opportunity to respond.  Id. at 618.  But a party waives a complaint regarding lack
of written notice if the party fails to preserve the complaint.  Id. 
The proper method to preserve a notice complaint is to bring the lack of
adequate notice to the attention of the trial court at the hearing and object
to the hearing going forward or move for a continuance.  Id. 









At the hearing on January 25,
2007, the trial court announced that it was ready to proceed on the motion for
sanctions under chapters 9 and 10 and rule 13. 
Appellant did not object to the hearing based on lack of adequate
notice.  To the contrary, in his opening
statement at the hearing, Appellant=s attorney acknowledged that Athe motion for sanctions are [sic] addressed in the answers of the
codefendants.@  Appellant=s attorney then stated:  AI=m prepared
to go forward.@  When the trial court confirmed that the
hearing would cover motions filed by all the defendants with the exceptions of
Lovell and Lovell Salon, Inc., Appellant=s attorney again stated: AI=m . . . I=m prepared to address [the sanctions] then, Your Honor.@  Appellant=s attorney did not object to the hearing nor did he seek a continuance
either before or during the hearing.

Appellant first complained of
lack of notice in her motion for new trial. 
A lack-of-notice complaint filed in a motion for new trial is
untimely.  Id.  We therefore hold that Appellant waived any
complaint regarding the lack of written notice and overrule this portion of
Appellant=s first
issue.

2.     No Motion for Sanctions  








In the remaining part of her
first issue, Appellant argues that there was no pending motion for sanctions
for the trial court to consider. 
Appellees counter that their amended answers clearly sought sanctions.  We are unaware of, and Appellant has failed
to cite, any authority holding that sanctions cannot be sought in a defendant=s answer.  Proceedings for
sanctions must afford a party notice and an opportunity to be heard.  In re Acceptance Ins. Co., 33 S.W.3d 443,
451 (Tex. App.CFort Worth
2000, orig. proceeding) (holding written notice required for sanctions).  A party=s pleadings may satisfy the notice requirement.  See, e.g., Davila v. World Car Five Star,
75 S.W.3d 537, 543 (Tex. App.CSan Antonio 2002, no pet.) (holding request for sanction in pleading
sufficient to support sanctions order); see also Hamlett v. Holcomb, 69
S.W.3d 816, 820 (Tex. App.CCorpus Christi 2002, no pet.) (affirming sanctions order where
defendant sought sanctions in counterclaim not challenged);  Sadeghian v. Webb, No. 02-03-00367-CV,
2005 WL 737424, at *7B8 (Tex. App.CFort Worth 2005, pet. denied) (mem. op., not designated for
publication) (same); Addington v. Addington, No. 14‑03‑00340‑CV,
2004 WL 1472127, at *1 (Tex. App.CHouston [14th Dist.] July 1, 2004, no pet.) (mem. op., not designated
for publication) (holding form in which sanctions are brought is a matter of
whether sufficient pleadings were on file to support the sanctions award). 








Appellees= amended answers explicitly sought sanctions under chapters 9 and 10
of civil practices and remedies code and Rule 13 of the rules of civil
procedure.  Appellant=s attorney was aware that the sanctions were asserted in Appellees= answers, stating his understanding at the beginning of the hearing
that the only things to be heard that day were Athe sanctions motions by -- or counterclaims or motions, however we=re going to phrase it.@  The burden was on Appellant to
file a special exception or object to the form in which Appellees brought their
sanction claims.  See Tex. R. Civ. P. 90.  Appellant failed to do so.  Moreover, she did not complain of lack of
adequate notice that sanctions were being sought before or during the hearing.  Therefore, we hold that she has waived any
potential defect in Appellees= pleadings regarding sanctions. 
Low, 221 S.W.3d at 618B19.  We overrule the remaining
portion of Appellant=s first
issue.   

C.     Grounds
for Sanctions








In her second, third, fourth
issues, Appellant argues that there is no basis for sanctions under chapters 9
and 10 of the civil practice and remedies code and rule 13 and no evidence to
show that she engaged in sanctionable conduct. 
The trial court=s sanctions
order does not identify the statute or rule under which the court imposed
sanctions, but a judgment imposing sanctions will be upheld Aon any applicable theory that finds support in the record.@  Bradt v. Sebek, 14
S.W.3d 756, 764 (Tex. App.CHouston [1st Dist.] 2000, pet. denied); N.Y. Underwriters Ins. Co.
v. State Farm Mut. Auto. Ins. Co., 856 S.W.2d 194, 205 (Tex. App.CDallas 1993, no writ).  To
determine whether any applicable theory finds support in the record, we must
consider the Atheories@ under which Appellees sought sanctions, chapters 9 and 10 of the
civil practice and remedies code and rule 13.

Civil practice and remedies
code section 9.011 provides that

The
signing of a pleading as required by the Texas Rules of Civil Procedure constitutes
a certificate by the signatory that to the signatory=s
best knowledge, information, and belief, formed after reasonable inquiry, the
pleading is not:

 

(1)
groundless and brought in bad faith;

 

(2)
groundless and brought for the purpose of harassment; or

 

(3) groundless and
interposed for any improper purpose, such as to cause unnecessary delay or
needless increase in the cost of litigation.    


Tex. Civ. Prac. &
Rem. Code Ann. ' 9.011 (Vernon 2007)
(emphasis added).  The trial court may
award sanctions if it determines that a pleading has been signed in violation
of any one of the standards prescribed by section 9.011.  Id. ' 9.012(a).  The court may
not order an offending party to pay the incurred expenses, including attorney=s fees, of an opposing party if the offending party withdraws the
sanctionable pleading or moves for dismissal of the offending pleading within
ninety days after the court determines that the offending party violated
section 9.011.  Id. ' 9.012(d).  Chapter 9 does
not apply to any proceeding to which section 10.004 of chapter 10 or rule 13
applies.  Id. ' 9.012(h); Low, 221 S.W.3d at 614.








Section 10.001 of the civil
practice and remedies code provides that

The
signing of a pleading or motion as required by the Texas Rules of Civil
Procedure constitutes a certificate by the signatory that to the signatory=s
best knowledge, information, and belief, formed after reasonable inquiry:

 

(1)
the pleading or motion is not being presented for any improper purpose,
including to harass or to cause unnecessary delay or needless increase in the
cost of litigation;

 

(2)
each claim, defense, or other legal contention in the pleading or motion is warranted
by existing law or by a nonfrivolous argument for the extension, modification,
or reversal of existing law or the establishment of new law;

 

(3) each
allegation or other factual contention in the pleading or motion has
evidentiary support or, for a specifically identified allegation or factual
contention, is likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and

 

(4)
each denial in the pleading or motion of a factual contention is warranted on the
evidence or, for a specifically identified denial, is reasonably based on a
lack of information or belief.

 








Tex. Civ. Prac. &
Rem. Code Ann ' 10.001 (Vernon 2007) (emphasis added).  A court that determines that a person has
signed a pleading or motion in violation of section 10.001 may impose sanctions
on the person, a party represented by the person, or both.  Id. ' 10.004 (Vernon 2007). 
When imposing sanctions under Chapter 10, the trial court Ashall describe in an order
imposing a sanction under this chapter the conduct the court has determined
violated Section 10.001 and explain the basis for the sanction imposed.@  Tex.  Civ. Prac. & Rem.
Code Ann. ' 10.005
(emphasis added); see Rudisell v. Paquette, 89 S.W.3d 233, 238 (Tex.
App.CCorpus Christi 2002, no pet.); Bishop, 997 S.W.2d 350, 355
(Tex. App.CFort Worth
1999, pet. denied).

Rule of civil procedure 13
provides that 

The signatures of attorneys or parties constitute
a certificate by them that they have read the pleading, motion, or other paper;
that to the best of their knowledge, information, and belief formed after
reasonable inquiry the instrument is not groundless and brought
in bad faith or groundless and brought for the purpose of
harassment.  . . .  If a pleading, motion or other paper is
signed in violation of this rule, the court, upon motion or upon its own
initiative, after notice and hearing, shall impose an appropriate sanction
available under Rule 215, upon the person who signed it, a represented party,
or both.

 

Courts shall presume that pleadings, motions, and
other papers are filed in good faith.  No
sanctions under this rule may be imposed except for good cause, the
particulars of which must be stated in the sanction order.  AGroundless@ for
purposes of this rule means no basis in law or fact and not warranted by good
faith argument for the extension, modification, or reversal of existing law.

 

Tex. R. Civ. P.  13 (emphasis added).








From the emphasized language
of the statutes and rules, it is apparent that a trial court may impose
sanctions under chapter 9 if a pleading is groundless and brought in bad
faith, for the purpose of harassment, or for any undue purpose and may impose
sanctions under rule 13 if a pleading is groundless and brought in bad
faith or for the purpose of harassment. 
In other words, a pleading sanctionable under chapter 9 or rule 13 must
fail two elements: It must have no basis in law or fact, and it
must be brought in bad faith, for harassment, or for an improper purpose.

By contrast, a pleading is
sanctionable under chapter 10 if it violates just one of the
certifications set out in section 10.001. 
In other words, a pleading is sanctionable under chapter 10 if, for
example, it is presented for an improper purpose or it lacks evidentiary
support and is unlikely to have evidentiary support after a reasonable
opportunity for further investigation.  See
Tex. Civ. Prac. & Rem. Code Ann.
'' 10.001, 10.004(a).








In this case, the trial court=s sanctions order recited one ground for sanctions: APlaintiff [Lynn] Dunavin presented no evidence to support the claims
she made against [Appellees].@  Setting aside for the moment
whether this was an appropriate ground for sanctions under any theory, we can
rule out chapter 9 and rule 13 as the basis for the trial court=s order because the trial court did not find that the pleadings were
brought in bad faith, for harassment, or for an improper purpose as required
for the imposition of sanctions under chapter 9 and rule 13.  See id. '' 9.011, 9.012(a); Tex. R.
Civ. P. 13.  Thus, the only theory
for the imposition of sanctions supported by the record is chapter 10 because
it is the only theory that does not require the existence of an additional
element beyond lack of evidentiary support and a likelihood of evidentiary
support after further investigation.  See
Tex. Civ. Prac. & Rem. Code Ann.
'' 10.001,
10.004(a).  We sustain Appellant=s third and fourth issues, in which she complains that there was no
basis for sanctions under chapter 9 or rule 13.

We must now determine whether
the basis for sanctions set out in the trial court=s sanctions order supports sanctions under chapter 10.  Again, we observe that as the basis for
sanctions, the trial court stated that APlaintiff [Lynn] Dunavin presented no evidence to support the claims
that she made against [Appellees].@  See id. ' 10.005 (requiring the trial court to describe in a sanctions
order the conduct the court had determined violated section 10.001). 








The basis on which the trial
court ordered sanctionsCthat
Appellant presented no evidence at the sanctions hearing to support her claimsCis not a basis authorized by chapter 10.  Under section 10.001(3), a signatory
certifies by signing a pleading that each allegation or factual contention has
support or is likely to have support after a reasonable opportunity for further
investigation.   Id. ' 10.001(3).  The trial
court must examine the circumstances existing at the time the pleading was
filed, not at the time of the sanctions hearing.  Shaw v. County of Dallas, 251 S.W.3d
165, 171 (Tex. App.CDallas 2008,
no pet. h.) (analyzing sanctions under rule 13); Younts v. First Prosperity
Bank, No. 13‑02‑00545‑CV,____WL________ at *2 (Tex. App.BCorpus Christi Mar. 17, 2005, no pet.) (mem. op.) (analyzing sanctions
under chapter 10); Griffin Indus. v. Grimes, No. 04‑02‑00430‑CV,
2003 WL 1911993, at *6 (Tex. App.CSan Antonio Apr. 23, 2003, no pet.) (mem. op., not designated for
publication) (same).  Moreover, the
absence of evidentiary support when a party signs a pleading is not
sanctionable if evidentiary support is likely after a reasonable opportunity
for further investigation or discovery.  Tex. Civ. Prac. & Rem. Code Ann. ' 10.001(3).

We hold that the trial court,
by imposing sanctions because Appellant presented no evidence at the sanctions
hearing, acted without reference to the rules and guiding principle articulated
in section 10.001(3), which authorizes sanctions when a pleading lacks
evidentiary support and the likelihood of evidentiary support at the time a
pleading is signed.  We therefore hold
that the trial court abused its discretion by imposing sanctions on the basis
stated in its order.  See Low, 221
S.W.3d at 614.  We sustain Appellant=s second issue.[4]








                                             Conclusion

Having overruled Appellant=s first issue and sustained her second, third, and fourth issues, and
not having reached her fifth or sixth issues, we vacate the portion of the
trial court=s April 24,
2007 order awarding sanctions to Appellees, and we affirm the trial court=s order dismissing the suit as modified.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DELIVERED:  July 17, 2008











[1]See Tex. R. App. P. 47.4.





[2]Lovell
and Lovell Salon, Inc. are not parties to this appeal. 





[3]The
other two named defendants were never served and are not parties on
appeal.  





[4]Even
if the trial court had specifically found that Appellant=s
allegations against Appellees lacked evidentiary support and the likelihood of
evidentiary support when they were signed, the stark contrast between the facts
of this case and the facts in Low would call that conclusion into
question.  In Low, the supreme
court affirmed a sanctions order under section 10.001(3) because the plaintiffCwho
asserted medical malpractice claims against doctors for negligently prescribing
a particular medicationChad
in his possession at the time he sued the doctors medical records showing that
the defendant doctors never prescribed the drug in question.  Id. at 617.  Thus, the supreme court held that the
plaintiff=s
allegations against the doctors had neither evidentiary support nor the
likelihood of evidentiary support after further investigation.  Id. 
The record in this case reflects no such exculpatory evidence in
Appellant=s
possession when she sued Appellees.