

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-230-CV

LYNN DUNAVIN, INDIVIDUALLY AND            APPELLANT
D/B/A DIVA DESIGNS

V.

MINDY MEADOR, THERESA MARTINEZ,            APPELLEES
JACQULIENE DYAN, AND MONIQUE RODEN

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Lynn Dunavin appeals a trial court order imposing sanctions against her in the amount of $8,521.20 in favor of Appellees Mindy Meador, Theresa Martinez, Jacquliene Dyan, and Monique Roden. In six issues, Appellant argues that she did not receive an adequate motion for sanctions nor

---

[1] *See* TEX. R. APP. P. 47.4.

written notice of the hearing; that there is no basis for sanctions under Texas Civil Practices and Remedies Code chapters 9 or 10 nor Texas Rule of Civil Procedure Rule 13; and that there is no factual basis for sanctions nor any factual basis to support the amount awarded to Appellees. We modify the trial court's order and affirm it as modified.

**Background**

Appellees are employees of a beauty salon and spa—Lovell Salon, Inc.—owned and operated by Judy Lovell. Appellant opened a jewelry store called Diva Designs next door to the Lovell Salon in March 2004.

In July 2004, Appellant sued Lovell, Lovell Salon, Inc., and five "Jane Does" for libel, slander, stalking, and intentional infliction of emotional distress, alleging that Lovell or her employees had placed defamatory signs on Appellant's property.[2] After obtaining the names of Lovell's employees, Appellant joined six of the employees—including Appellees—as defendants in February 2006.[3] On May 10, 2006, Appellees filed first amended answers, asserting general denials and seeking sanctions under chapters 9 and 10 of the

---

[2] Lovell and Lovell Salon, Inc. are not parties to this appeal.

[3] The other two named defendants were never served and are not parties on appeal.

Texas Civil Practices and Remedies Code and under Rule 13 of the Texas Rules of Civil Procedure.

Appellant deposed Appellees on September 11, 2006. On September 19, 2006, Appellant nonsuited her claims against Appellees Meador, Martinez, and Dyan. Appellee Roden remained a defendant, ostensibly because her handwriting exemplar (including misspelling the word "laundering" as "laundrying") was similar to that found on the signs placed outside Appellant's business. The trial court set the case for trial for the week of January 22, 2007, but it was not reached. On that date, Appellant filed a motion to nonsuit all remaining defendants. On January 25, 2007, the trial court held a sanctions hearing.

The parties presented the following evidence at the sanctions hearing. Appellant, a legal assistant and real estate broker, testified that she drafted the pleadings in this suit, as well as requests for production, interrogatories, and requests for admission for her lawyer—who was also her employer—to review and sign. She only met Lovell one time, and that was when she was opening her boutique next door to Lovell's salon. Then a series of events happened that caused her to believe "something was going on." A note was left on her car by Lovell about bags of trash on her back porch. She received a letter from Lovell advising her that a fence she put up was on Lovell's property and visually

3

offensive. A few days later, she found tree limbs and trash in front of her front door. Someone painted a sign on her curb that said, "Some village is missing an idiot." Appellant testified that these events were "mean" and "hateful" and formed the basis for her suit against Lovell.

Appellant testified that someone placed objectionable, handwritten signs in the yard in front of her shop when she was vacating the premises. She formed the belief that at least two people wrote the signs because it looked like there were two different handwritings. Based on that belief, she joined Appellees in the suit against Lovell, claiming intentional infliction of emotional distress, defamation, and stalking. She decided Lovell's employees were involved based, in part, on the notes Lovell left for her and Lovell's "pattern" of behavior. She did not know who was responsible for the signs. She did not see anyone put them up and had no personal knowledge that any Appellee did it.

Appellant said that she joined Meador so that she could take her deposition and try to determine if she had any involvement. She acknowledged that she knew from her experience as a legal assistant that one can probably depose a witness without joining them as a party to a suit and that she had sent deposition notices to nonparty witnesses. Her lawyer deposed Appellees and found no involvement by Meador, Martinez, or Dyan, and dropped them

from the suit by amended pleading in September of 2006. Appellant testified that she had no personal knowledge and no evidence that Roden put up the signs, but Roden's misspelling of "laundering" in her handwriting exemplar was the same as the misspelling in one of the offensive signs.

After hearing evidence and argument, the trial court entered an order dismissing Appellant's suit and—regarding Appellees' motions for sanctions—ordering as follows:

> The Court, having considered [the sanctions motions] and being fully advised of the premise and having heard the evidence and argument of counsel thereon, finds that the motions for sanctions . . . are well taken and should be granted *and that Plaintiff Lynn Dunavin presented no evidence to support the claims that she made against [Appellees].*
>
> The Court further finds that [Appellees] incurred reasonable and necessary attorneys' fees in the sum of $8,521.20, in connection with defending this suit, and that an appropriate sanction herein, would be to award judgment against Lynn Dunavin and in favor of [Appellees]. [Emphasis added.]

This appeal followed.

## Discussion

### A. Standard of Review

We review the imposition of sanctions under an abuse of discretion standard. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An appellate court may reverse the trial court's ruling only if the trial court acted without

5

reference to any guiding rules or principles, such that the ruling was arbitrary or unreasonable. *Id.*

**B.     No Written Notice of a Hearing and No Motion for Sanctions**

In her first issue, Appellant argues that the trial court held a hearing without proper written notice and that there was no pending motion for sanctions for the trial court to consider.

**1.     Notice of Hearing**

Appellant argues that she did not receive written notice of a hearing on Appellees' request for sanctions; she contends that she received only a telephone call from the trial court on January 23, 2007, notifying her of the hearing on sanctions scheduled for January 25, 2007.  Appellant argues that the trial court abused its discretion by orally scheduling a hearing without written notice.

As a general rule, a court is required to provide the subject of a sanctions motion with written notice of the allegations and a reasonable opportunity to respond. *Id.* at 618.  But a party waives a complaint regarding lack of written notice if the party fails to preserve the complaint. *Id*.  The proper method to preserve a notice complaint is to bring the lack of adequate notice to the attention of the trial court at the hearing and object to the hearing going forward or move for a continuance. *Id*.

6

At the hearing on January 25, 2007, the trial court announced that it was ready to proceed on the motion for sanctions under chapters 9 and 10 and rule 13. Appellant did not object to the hearing based on lack of adequate notice. To the contrary, in his opening statement at the hearing, Appellant's attorney acknowledged that "the motion for sanctions are [sic] addressed in the answers of the codefendants." Appellant's attorney then stated: "I'm prepared to go forward." When the trial court confirmed that the hearing would cover motions filed by all the defendants with the exceptions of Lovell and Lovell Salon, Inc., Appellant's attorney again stated: "I'm . . . I'm prepared to address [the sanctions] then, Your Honor." Appellant's attorney did not object to the hearing nor did he seek a continuance either before or during the hearing.

Appellant first complained of lack of notice in her motion for new trial. A lack-of-notice complaint filed in a motion for new trial is untimely. *Id.* We therefore hold that Appellant waived any complaint regarding the lack of written notice and overrule this portion of Appellant's first issue.

### 2. No Motion for Sanctions

In the remaining part of her first issue, Appellant argues that there was no pending motion for sanctions for the trial court to consider. Appellees counter that their amended answers clearly sought sanctions. We are unaware of, and Appellant has failed to cite, any authority holding that sanctions cannot

7

be sought in a defendant's answer. Proceedings for sanctions must afford a party notice and an opportunity to be heard. *In re Acceptance Ins. Co.,* 33 S.W.3d 443, 451 (Tex. App.—Fort Worth 2000, orig. proceeding) (holding written notice required for sanctions). A party's pleadings may satisfy the notice requirement. *See, e.g., Davila v. World Car Five Star*, 75 S.W.3d 537, 543 (Tex. App.—San Antonio 2002, no pet.) (holding request for sanction in pleading sufficient to support sanctions order); *see also Hamlett v. Holcomb,* 69 S.W.3d 816, 820 (Tex. App.—Corpus Christi 2002, no pet.) (affirming sanctions order where defendant sought sanctions in counterclaim not challenged); *Sadeghian v. Webb*, No. 02-03-00367-CV, 2005 WL 737424, at *7–8 (Tex. App.—Fort Worth 2005, pet. denied) (mem. op., not designated for publication) (same); *Addington v. Addington*, No. 14-03-00340-CV, 2004 WL 1472127, at *1 (Tex. App.—Houston [14th Dist.] July 1, 2004, no pet.) (mem. op., not designated for publication) (holding form in which sanctions are brought is a matter of whether sufficient pleadings were on file to support the sanctions award).

Appellees' amended answers explicitly sought sanctions under chapters 9 and 10 of civil practices and remedies code and Rule 13 of the rules of civil procedure. Appellant's attorney was aware that the sanctions were asserted in Appellees' answers, stating his understanding at the beginning of the hearing

8

that the only things to be heard that day were "the sanctions motions by -- or counterclaims or motions, however we're going to phrase it."  The burden was on Appellant to file a special exception or object to the form in which Appellees brought their sanction claims.  *See* TEX. R. CIV. P. 90.  Appellant failed to do so.  Moreover, she did not complain of lack of adequate notice that sanctions were being sought before or during the hearing.  Therefore, we hold that she has waived any potential defect in Appellees' pleadings regarding sanctions.  *Low,* 221 S.W.3d at 618–19.  We overrule the remaining portion of Appellant's first issue.

## C.    Grounds for Sanctions

In her second, third, fourth issues, Appellant argues that there is no basis for sanctions under chapters 9 and 10 of the civil practice and remedies code and rule 13 and no evidence to show that she engaged in sanctionable conduct.  The trial court's sanctions order does not identify the statute or rule under which the court imposed sanctions, but a judgment imposing sanctions will be upheld "on any applicable theory that finds support in the record."  *Bradt v. Sebek*, 14 S.W.3d 756, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *N.Y. Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ).  To determine whether any applicable theory finds support in the record, we must consider the

9

"theories" under which Appellees sought sanctions, chapters 9 and 10 of the civil practice and remedies code and rule 13.

Civil practice and remedies code section 9.011 provides that

The signing of a pleading as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not:

(1) groundless *and* brought in bad faith;

(2) groundless *and* brought for the purpose of harassment; or

(3) groundless *and* interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 9.011 (Vernon 2007) (emphasis added). The trial court may award sanctions if it determines that a pleading has been signed in violation of any one of the standards prescribed by section 9.011. *Id.* § 9.012(a). The court may not order an offending party to pay the incurred expenses, including attorney's fees, of an opposing party if the offending party withdraws the sanctionable pleading or moves for dismissal of the offending pleading within ninety days after the court determines that the offending party violated section 9.011. *Id.* § 9.012(d). Chapter 9 does not apply to any proceeding to which section 10.004 of chapter 10 or rule 13 applies. *Id*. § 9.012(h); *Low*, 221 S.W.3d at 614.

Section 10.001 of the civil practice and remedies code provides that

> The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:
>
> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) *each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery*; and
>
> (4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE ANN § 10.001 (Vernon 2007) (emphasis added). A court that determines that a person has signed a pleading or motion in violation of section 10.001 may impose sanctions on the person, a party represented by the person, or both. *Id.* § 10.004 (Vernon 2007). When imposing sanctions under Chapter 10, the trial court "*shall* describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." TEX.

11

CIV. PRAC. & REM. CODE ANN. § 10.005 (emphasis added); *see Rudisell v. Paquette*, 89 S.W.3d 233, 238 (Tex. App.—Corpus Christi 2002, no pet.); *Bishop*, 997 S.W.2d 350, 355 (Tex. App.—Fort Worth 1999, pet. denied).

Rule of civil procedure 13 provides that

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless *and* brought in bad faith or groundless *and* brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, *the particulars of which must be stated in the sanction order.* "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

TEX. R. CIV. P. 13 (emphasis added).

From the emphasized language of the statutes and rules, it is apparent that a trial court may impose sanctions under chapter 9 if a pleading is groundless *and* brought in bad faith, for the purpose of harassment, or for any undue purpose and may impose sanctions under rule 13 if a pleading is groundless *and* brought in bad faith or for the purpose of harassment. In other

12

words, a pleading sanctionable under chapter 9 or rule 13 must fail *two* elements: It must have no basis in law or fact, *and* it must be brought in bad faith, for harassment, or for an improper purpose.

By contrast, a pleading is sanctionable under chapter 10 if it violates just *one* of the certifications set out in section 10.001. In other words, a pleading is sanctionable under chapter 10 if, for example, it is presented for an improper purpose *or* it lacks evidentiary support and is unlikely to have evidentiary support after a reasonable opportunity for further investigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001, 10.004(a).

In this case, the trial court's sanctions order recited one ground for sanctions: "Plaintiff [Lynn] Dunavin presented no evidence to support the claims she made against [Appellees]." Setting aside for the moment whether this was an appropriate ground for sanctions under any theory, we can rule out chapter 9 and rule 13 as the basis for the trial court's order because the trial court did not find that the pleadings were brought in bad faith, for harassment, or for an improper purpose as required for the imposition of sanctions under chapter 9 and rule 13. *See id.* §§ 9.011, 9.012(a); TEX. R. CIV. P. 13. Thus, the only theory for the imposition of sanctions supported by the record is chapter 10 because it is the only theory that does not require the existence of an additional element beyond lack of evidentiary support and a likelihood of evidentiary

13

support after further investigation. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001, 10.004(a). We sustain Appellant's third and fourth issues, in which she complains that there was no basis for sanctions under chapter 9 or rule 13.

We must now determine whether the basis for sanctions set out in the trial court's sanctions order supports sanctions under chapter 10. Again, we observe that as the basis for sanctions, the trial court stated that "Plaintiff [Lynn] Dunavin presented no evidence to support the claims that she made against [Appellees]." *See id*. § 10.005 (requiring the trial court to describe in a sanctions order the conduct the court had determined violated section 10.001).

The basis on which the trial court ordered sanctions—that Appellant presented no evidence at the sanctions hearing to support her claims—is not a basis authorized by chapter 10. Under section 10.001(3), a signatory certifies by signing a pleading that each allegation or factual contention has support or is likely to have support after a reasonable opportunity for further investigation. *Id.* § 10.001(3). The trial court must examine the circumstances existing at the time the pleading was filed, not at the time of the sanctions hearing. *Shaw v. County of Dallas,* 251 S.W.3d 165, 171 (Tex. App.—Dallas 2008, no pet. h.) (analyzing sanctions under rule 13); *Younts v. First Prosperity Bank,* No.

14

13-02-00545-CV,____WL_____ at *2 (Tex. App.–Corpus Christi Mar. 17, 2005, no pet.) (mem. op.) (analyzing sanctions under chapter 10); *Griffin Indus. v. Grimes*, No. 04-02-00430-CV, 2003 WL 1911993, at *6 (Tex. App.—San Antonio Apr. 23, 2003, no pet.) (mem. op., not designated for publication) (same).  Moreover, the absence of evidentiary support when a party signs a pleading is not sanctionable if evidentiary support is likely after a reasonable opportunity for further investigation or discovery.  TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(3).

We hold that the trial court, by imposing sanctions because Appellant presented no evidence at the sanctions hearing, acted without reference to the rules and guiding principle articulated in section 10.001(3), which authorizes sanctions when a pleading lacks evidentiary support and the likelihood of evidentiary support at the time a pleading is signed.  We therefore hold that the trial court abused its discretion by imposing sanctions on the basis stated in its order.  *See Low*, 221 S.W.3d at 614.  We sustain Appellant's second issue.[4]

---

[4] Even if the trial court had specifically found that Appellant's allegations against Appellees lacked evidentiary support and the likelihood of evidentiary support when they were signed, the stark contrast between the facts of this case and the facts in *Low* would call that conclusion into question. In *Low*, the supreme court affirmed a sanctions order under section 10.001(3) because the plaintiff—who asserted medical malpractice claims against doctors for negligently prescribing a particular medication—had in his possession at the
(continued...)

15

**Conclusion**

Having overruled Appellant's first issue and sustained her second, third, and fourth issues, and not having reached her fifth or sixth issues, we vacate the portion of the trial court's April 24, 2007 order awarding sanctions to Appellees, and we affirm the trial court's order dismissing the suit as modified.


                                        ANNE GARDNER
                                        JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  July 17, 2008

---

[4](...continued)
time he sued the doctors medical records showing that the defendant doctors never prescribed the drug in question. *Id.* at 617.  Thus, the supreme court held that the plaintiff's allegations against the doctors had neither evidentiary support nor the likelihood of evidentiary support after further investigation. *Id.* The record in this case reflects no such exculpatory evidence in Appellant's possession when she sued Appellees.

16