

# NUMBER 13-07-381-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAMON AND ANITA GARCIA,          Appellants,

## v.

STATE FARM LLOYDS,          Appellee.

## On appeal from the 275th District Court of Hidalgo County, Texas.

# CONCURRING OPINION

## Before Chief Justice Valdez and Justices Yañez and Benavides
## Concurring Opinion by Justice Yañez

I agree that State Farm's no-evidence motion for summary judgment is legally

insufficient because it fails to state specifically which elements of the Garcias' claims are

being challenged.[1]  I further agree that the motion is therefore treated as a traditional motion for summary judgment.[2]  However, in reviewing the motion as a traditional motion, I would hold that it is legally insufficient as a matter of law because the grounds for summary judgment are not expressly presented in the motion.  Accordingly, I concur in the judgment, but for different reasons.

## Sufficiency of State Farm's Motion

In its motion, State Farm argued only one non-mold-related "ground," as follows:

> Additionally, there is no evidence that the amount paid by State Farm was insufficient to repair the water damage.  The Garcias have repaired their home, yet there is no evidence the cost of repairs exceeded the $26,779.42 State Farm paid.

The majority addresses the argument that State Farm makes in its appellate brief—that based on a specific provision in the policy, State Farm's liability is limited to the amounts the Garcias "actually and necessarily spent" to repair the damage to their home.  The majority finds the provision State Farm relies on to be inapplicable, and thus concludes that the motion was "based on a flawed premise."

In *McConnell v. Southside ISD*, the supreme court held:

> Consistent with the precise language of Rule 166a(c), we hold that a motion for summary judgment must itself expressly present the grounds upon which it is made.  A motion must stand or fall on the grounds *expressly presented in the motion*.  In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.
>
> . . . .

---

[1] *See* TEX. R. CIV. P. 166a(i); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2000, pet. denied).

[2] *See Hamlett v. Holcomb*, 69 S.W.3d 816, 819 (Tex. App.–Corpus Christi 2002, no pet.).

2

These rules also permit the trial court to consider a brief in support of a motion for summary judgment as guidance in making its determination whether the summary judgment evidence demonstrates that the moving party is "entitled to judgment," *see* TEX. R. CIV. P. 166a(c), but not in determining whether summary judgment grounds and issues are expressly presented.

. . . .

Even if the non-movant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law.[3]

To recover under a breach of contract cause of action, the Garcias were required to show: (1) the existence of a valid contract, (2) that they performed or tendered performance, (3) that State Farm breached the contract, and (4) that they sustained damages as a result of State Farm's breach.[4]

To be entitled to summary judgment, State Farm was required to show that it was entitled to judgment as a matter of law and that no genuine issue of material fact exists.[5] State Farm was required to disprove, as a matter of law, one of the essential elements of each of the Garcias' causes of action.[6]

Here, the majority implicitly construes State Farm's motion as challenging either the "breach" element or "damages" element of the Garcias' claim. I conclude that State Farm has failed to expressly present the grounds upon which the motion is made in the motion

---

[3] *McConnell v. Southside ISD*, 858 S.W.2d 337, 341-42 (Tex. 1993) (emphasis added).

[4] *Renteria v. Trevino*, 79 S.W.3d 240, 242 (Tex. App.–Houston [14th Dist.] 2002, no pet.).

[5] *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003).

[6] *Lear, Sigler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).

3

itself.[7]  Accordingly, I would hold that the motion is legally insufficient as a matter of law.[8]

_____
LINDA REYNA YAÑEZ,
Justice

Concurring Opinion delivered and filed
this the 30th day of April, 2009.

---

[7] *See McConnell*, 858 S.W.2d at 341.

[8] *See id.* at 342.