

**NUMBER 13-07-00381-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAMON AND ANITA GARCIA,                                                      Appellants,

v.

STATE FARM LLOYDS,                                                               Appellee.

**On appeal from the 275th District Court of Hidalgo County, Texas.**

# O P I N I O N

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Opinion by Justice Benavides

Appellants, Ramon and Anita Garcia, appeal from two orders granting summary judgment in favor of appellee, State Farm Lloyds ("State Farm"). By four issues, the Garcias contend the trial court erred in overruling their objections to State Farm's summary judgment evidence, sustaining State Farm's objections to their summary judgment evidence, and in granting final summary judgment in State Farm's favor. We affirm, in part,

and reverse and remand, in part.[1]

## I. JURISDICTION

As a preliminary matter, we address several jurisdictional issues. First, on August 6, 2007, the clerk of this Court sent the Garcias' counsel a "defect letter," noting that the trial court's March 27, 2007 summary judgment did not appear to be a final appealable order because it did not dispose of all parties; specifically, the judgment did not address causes of action against Andy's Refrigeration, a defendant below.[2] The Garcias and State Farm responded that all parties considered the trial court's order to be a final order because Andy's Refrigeration was never served. Although the Garcias attempted to serve Andy's Refrigeration in 2004, service was not effected. It is undisputed that there were no further attempts at service.

Appellate courts are obligated to review *sua sponte* issues affecting jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). We examine the entire record to determine whether an order disposes of all pending claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205-06 (Tex. 2001).

In support of their argument, the parties cite the principle that a judgment may be final, even though it does not dispose of all parties named in the petition, if the remaining party was never served with citation and did not file an answer, and nothing in the record

---

[1] As this is a memorandum opinion, and the parties are familiar with the facts, we will only recite those facts necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] We note that in their original petition, appellants sued several defendants individually, including Julie Merkt, Thomas C. Van Dyke, Jr., Doug Cook, and Andy's Refrigeration. The docket sheet reflects that Merkt, Van Dyke, Jr., and Cook were served with citation, but does not reflect that they answered. However, the record contains appellants' First Amended Petition, in which only State Farm Lloyds and Andy's Refrigeration are named as defendants. "When a party's name is omitted from an amended pleading, he is as effectively dismissed as where a formal order of dismissal is entered." *Randolph v. Jackson Walker, L.L.P.*, 29 S.W.3d 271, 274 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *see* TEX. R. CIV. P. 65.

2

indicates that the plaintiff ever expected to obtain service upon the remaining party. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (describing when failure to obtain service on defendant may be treated as a nonsuit for purposes of determining finality of judgment); *M.O. Dental Lab.*, 139 S.W.3d at 674-75 (holding that decision in *Penn* survives *Lehmann*). We agree. Here, although Andy's Refrigeration was never served, there is nothing in the record to suggest that the Garcias ever expected to do so. "[A] judgment is final for purposes of appeal when (1) the judgment expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants." *Sondock v. Harris County Appraisal Dist.*, 231 S.W.3d 65, 67 n.1 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (citing *Penn*, 363 S.W.2d at 232; *M.O. Dental Lab.*, 139 S.W.3d at 674-75). We conclude that the summary judgment is final for purposes of appeal. *See id.*

Second, State Farm has filed a motion to dismiss this appeal for want of jurisdiction. State Farm argues that because the Garcias' motion for new trial was filed more than thirty days after summary judgment was granted, the motion was untimely and therefore, the notice of appeal was untimely. The Garcias contend that their motion for new trial was timely filed under the "mailbox rule." *See* TEX. R. CIV. P. 5. State Farm contends that it was not.

The trial court's order granting summary judgment was signed on March 27, 2007; therefore, a motion for new trial was due on or before April 26, 2007. *See* TEX. R. CIV. P. 329b. In their response to State Farm's motion, the Garcias assert that they mailed their motion for new trial on April 20, 2007, six days before the deadline. They contend the

3

motion for new trial was placed in an envelope correctly addressed to the clerk, stamped first-class United States postage on April 20, 2007 by a computerized pre-paid postage machine, and mailed through the United States Postal Service on that date. The motion for new trial was received and file-stamped by the Hidalgo County District Clerk's office on May 4, 2007. The Garcias filed a notice of appeal on June 11, 2007. *See* TEX. R. APP. P. 26.1(a) (providing notice of appeal must be filed within thirty days after judgment is signed, or within ninety days if any party files a motion for new trial).

The question before us is whether the Garcias perfected their appeal in reliance upon the "mailbox rule." Rule 5 provides, in pertinent part that

> if any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

TEX. R. CIV. P. 5. Texas courts have held that, "[i]n the absence of a proper postmark or certificate of mailing, an attorney's uncontroverted affidavit may be evidence of the date of mailing." *Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693-94 (Tex. 1995).

In support of their argument that they timely filed their motion for new trial, the Garcias produced a copy of the envelope, correctly addressed to the district clerk's office, and stamped "United States Postage," dated April 20, 2007. The Garcias acknowledge that the United States Postage stamp was affixed by a computerized rented postage machine at their counsel's office. State Farm argues that the stamp on the envelope is not a United States Postal Service postmark and does not establish actual mailing on April 20, 2007. Thus, according to State Farm, the April 20, 2007 postmark does not constitute prima facie evidence of mailing. *See* TEX. R. CIV. P. 5.

4

We need not decide whether the April 20, 2007 postmark constitutes prima facie evidence of mailing because the Garcias also produced two affidavits. The first affidavit, from Shannon Loyd, states that she completed the motion for new trial on April 20, 2007, used her office's United States Postal Service machine to post mark the envelope, and mailed it on that date. A second affidavit, from Angelica Coronado, Ms. Loyd's secretary, states that she and Ms. Loyd used the office postal machine to postmark the envelope containing the motion for new trial on April 20, 2007 and mailed it on that date. State Farm offered no evidence controverting either affidavit. We conclude the two affidavits constitute prima facie evidence that the motion for new trial was placed in the United States mail, postage pre-paid, on April 20, 2007. *See Lofton*, 895 S.W.2d at 693-94; *Alvarez v. Thomas*, 172 S.W.3d 298, 302-03 (Tex. App.–Texarkana 2005, no pet.) (noting certificate of service and attorney's affidavit are both prima facie evidence of date of mailing).

State Farm also contends that even if the Garcias establish that they mailed the motion for new trial on April 20, 2007, "the mailbox rule's requirements were not met as the motion was not received by the Court until May 4, 2007, more than ten days after mailing." According to State Farm, unlike Texas Rule of Appellate Procedure 9.2(b), which provides that a document is timely if received within "ten days after the filing deadline," *see* TEX. R. APP. P. 9.2(b), Texas Rule of Civil Procedure 5 provides that a document is timely filed if it is received by the clerk "not more than ten days tardily." *See* TEX. R. CIV. P. 5.

State Farm cites *Guevara v. Nolot* in support of its position that the mailbox rule's requirements were not met because the motion for new trial was not received within ten days of mailing. *See Guevara v. Nolot*, No. 05-05–1238-CV, 2006 WL 1391287, at *2 (Tex. App.–Dallas May 23, 2006, no pet.) (mem. op.). In *Guevara*, the Dallas Court of

5

Appeals found an appeal bond was timely filed under Rule 5 when the evidence showed it was mailed and received by the justice court clerk prior to the due date. *Id.* at *2. In doing so, the court noted that "the record contains evidence showing the appeal bond was delivered within ten days *of the date of mailing* and was received and signed for by [the clerk]." *Id.* at *2 (emphasis added). We note, however, that the *Guevara* court was not addressing whether Rule 5 requires receipt of a document within ten days from mailing or within ten days of the filing deadline; rather, the court was simply rejecting an argument that a court clerk's testimony that she did not recall receiving the appeal bond constituted evidence that it was not received. *Id.* Thus, the court's comment regarding delivery of the appeal bond "within ten days of mailing" was dicta.

The Garcias cite *Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996) and *Williams v. Schneiber,* 148 S.W.3d 581, 585-86 (Tex. App.–Fort Worth 2004, no pet.), noting that in finding documents timely filed under the mailbox rule, neither court relied on receipt within ten days of *mailing*. In *Stokes*, the supreme court found a motion for new trial was timely filed where it was sent by Federal Express to the court clerk (received the following day) and mailed the same day to the district judge. *Stokes*, 917 S.W.2d at 267. The court held it was not necessary for the clerk to receive the same piece of paper that the party mailed via United States mail to benefit from the mailbox rule. *Id.* at 268 ("We construe the words 'the same' in the rules to mean an original or any copy of the motion sufficient for filing.").

Similarly, in *Schneiber*, the Fort Worth Court of Appeals held that the mailbox rule was properly invoked if the clerk timely received a copy of the relevant pleading, even if it was not the one mailed. *Schneiber*, 148 S.W.3d at 585. In *Schneiber*, the plaintiff mailed

6

an appeal bond on August 22, 2002 and faxed a copy on August 27, 2002, which was within the prescribed time period. *Id.* at 584. Although the clerk did not receive the appeal bond that was placed in the mail, the faxed copy was received. *Id.* at 584-85. Relying on *Stokes*, the *Schneiber* court held that the appellant invoked the mailbox rule by mailing the appeal bond on August 22 and ensuring the clerk received a faxed copy on August 27. *Id.* at 586.

We conclude that none of the cases cited directly address the question before us: whether the language in Rule 5 "not more than ten days tardily" refers to ten days from the date of mailing or ten days from the deadline for filing. The supreme court has stated that as a general rule, appellate courts should not dismiss an appeal for a procedural defect whenever an arguable interpretation of the appellate rules would preserve the appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997); *see Warwick Towers Council v. Park Warwick , L.P.*, 244 S.W.3d 838, 839 (Tex. 2008); *Schneiber*, 148 S.W.3d at 585 (citing *Verburgt*, 959 S.W.2d at 616-17).

We have already determined that the Garcias established that they mailed their motion for new trial on April 20, 2007. The record contains evidence that it was received by the clerk's office by May 4, 2007—within ten days of the April 26, 2007 deadline. Applying a reasonable interpretation that preserves the Garcias' appeal, *see Verburgt*, 959 S.W.2d at 616, we hold that the "not more than ten days tardily" requirement in Rule 5 refers to ten days past the filing deadline referenced in the rule ("on or before the last day for filing same"). *See* TEX. R. CIV. P. 5. We therefore hold that the Garcias' motion for new trial was timely filed. Accordingly, the deadline for filing the notice of appeal was extended, and this appeal is properly before this Court. *See* TEX. R. APP. P. 26.1(a). We overrule

7

State Farm's motion to dismiss for lack of jurisdiction.  We now turn to the merits of this appeal.

## II. BACKGROUND

State Farm issued a homeowners insurance policy, the standard HO-B policy, to the Garcias for their home in McAllen, Texas.  The Garcias filed claims under their policy for water and mold damage on June 22, 2002.  After inspections were performed, on December 10, 2002, State Farm paid the Garcias $26,779.42.  The letter accompanying the payment indicated that the payment was for "water damage."

The Garcias filed suit against State Farm on October 4, 2004, alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.  *See* TEX. BUS. & COMM. CODE ANN. § 17.50 (Vernon Supp. 2008); TEX. INS. CODE ANN. § 541.151 (Vernon Pamphlet 2008).[3]  The Garcias alleged claims against State Farm based on its failure to pay for mold damage and to fully pay for the water damage to their home.

State Farm filed two motions for summary judgment.  The first motion purported to raise no-evidence and traditional grounds with respect to State Farm's liability.  *See* TEX. R. CIV. P. 166a(c), (i).  State Farm argued that there was no coverage for mold claims under the Texas Supreme Court's decision in *Feiss v. State Farm Lloyds*, 202 S.W.3d 744, 753 (Tex. 2006).  Furthermore, State Farm argued that there was no evidence that the amount it had already paid was insufficient to make the repairs for water damage to the

---

[3] The Garcias initially pleaded violations of former Texas Revised Civil Statutes article 21.21, which was repealed and codified without substantive change.  See Act of May 10, 2001, 77th Leg., R.S., ch. 290, § 1, 2001 TEX. GEN. LAWS 548, 548-51, *repealed and recodified* by Act of May 22, 2003, 78th Leg ., R.S., ch. 1674 §§ 2, 26, 2003 TEX. GEN. LAWS 3611, 2659-61 (current versions at TEX. INS. CODE ANN. §§ 541.051, 541.056 (Vernon Pamphlet  2008).  The parties' briefs refer to the insurance code, and so will we.

Garcias' home. It also challenged the Garcias' extra-contractual claims, arguing that because there was no coverage for the Garcias' claim for mold damage, there could be no liability for extra-contractual claims. Furthermore, it argued there was no evidence of any misrepresentation by State Farm, attaching deposition testimony from the Garcias to support this argument, and that there was no evidence that the Garcias had any complaint with how State Farm handled their claims, except that State Farm did not pay enough. Finally, the motion argued that the Garcias were not entitled to recover additional living expenses.

The second motion was a "conditional" motion—State Farm argued that the trial court need only address the second motion if the first were denied. This second motion challenged the Garcias' alleged damages for mental anguish, treble damages under the Insurance Code, and exemplary damages.[4]

The Garcias responded and objected to State Farm's summary judgment evidence. The Garcias submitted a report from their expert, Frank Zamora, that estimated costs for repair as $55,716.35. The Garcias also claimed they had to borrow $20,000, in addition to the amount already paid by State Farm, to continue repairs, but they had run out of money before the repairs were completed. State Farm, in turn, objected to the Garcias' summary judgment evidence.

The trial court sustained State Farm's objections, overruled the Garcias' objections, and granted both motions for summary judgment without specifying the basis of its rulings. This appeal ensued.

---

[4] The two motions raised numerous issues, in many instances without being entirely clear. The vague and piecemeal nature of State Farm's motions for summary judgment have resulted in an opinion that is, to a degree, necessarily disjointed.

9

### III. SUMMARY JUDGMENT STANDARDS

The trial court granted both of State Farm's motions for summary judgment without stating the grounds for its rulings. Under these circumstances, we must affirm the judgment if any of the grounds alleged in the motions were meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The standard of review we apply is determined by whether the motion was brought on no-evidence or traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g).

A no-evidence summary judgment is equivalent to a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Ortega*, 97 S.W.3d at 772. Once an appropriate motion for no-evidence summary judgment is filed, the burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion. TEX. R. CIV. P. 166a(i). We may not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004); *Newkumet v. Allen*, 230 S.W.3d 518, 521 (Tex. App.–Eastland 2007, no pet.).

To defeat a no-evidence motion for summary judgment, the non-movant must merely produce a scintilla of probative evidence to raise a genuine issue of material fact. *Ortega*, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.

10

1994)).  In determining whether the non-movant has met its burden, we review the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.  *Tamez*, 206 S.W.3d at 582; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

We review the trial court's granting of a traditional motion for summary judgment *de novo*.  *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.).  When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  *See Sw. Elec. Power Co.*, 73 S.W.3d at 215.  We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We will affirm a traditional summary judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action.  *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Clear Creek Basin*, 589 S.W.2d

at 678. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 816. Only when the movant has produced sufficient evidence to establish its right to summary judgment does the burden shift to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

When a party moves for summary judgment under both Rules 166a(c) and 166a(i) of the Texas Rules of Civil Procedure, we will first review the trial court's judgment under the standards of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether appellee's summary judgment proof satisfies the less stringent Rule 166a(c) burden. *Id.*

### IV. STATE FARM'S NO-EVIDENCE MOTION

By their fourth issue, the Garcias argue that the trial court erroneously granted State Farm's no-evidence motions for summary judgment. Before we address the merits of State Farm's no-evidence motions, however, we must first address the Garcias' argument that the no-evidence motions did not properly challenge elements of their claims.

Texas Rule of Civil Procedure 166a(i) requires that a no-evidence motion for summary judgment "state the elements as to which there is no evidence." *See* TEX. R. CIV. P. 166a(i). The Garcias argue that because State Farm's motion did not satisfy this requirement, the entire motion must be treated as a traditional motion for summary judgment, which would place the summary judgment burden of proof on State Farm rather

12

than on the Garcias. *See Michael v. Dyke*, 41 S.W.3d 746, 751-52 (Tex. App.–Corpus Christi 2001, no pet.).

The Garcias did not object in the trial court to the sufficiency of the no-evidence motion. The courts of appeals are split on whether the sufficiency of a motion under Rule 166a(i) may be raised for the first time on appeal. *Compare Holloway v. Tex. Elec. Utility Constr., Ltd.*, No. 12-07-00427-CV, 2009 WL 765304, at *4 & n.2 (Tex. App.–Tyler Mar. 25, 2009, no pet. h.) (holding issue may be raised for the first time on appeal); *Helm Cos. v. Shady Creek Housing Partners, Ltd.*, No. 01-05-00743, 2007 WL 2130186, at *6 n.7 (Tex. App.–Houston [1st Dist.] July 26, 2007, pet. denied) (mem. op.) (same); *Bean v. Reynolds Realty Group, Inc.*, 192 S.W.3d 856, 859 (Tex. App.–Texarkana 2006, no pet.) (same); *In re Estate of Swanson*, 130 S.W.3d 144, 147 (Tex. App.–El Paso 2003, no pet.) (overruling prior decision in *Walton v. Phillips Petroleum Co.*, 65 S.W.3d 262, 268 (Tex. App.–El Paso 2001, pet. denied) and holding that issue may be raised for the first time on appeal); *and Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, (Tex. App.–Dallas 2004, pet. denied) (holding issue may be raised for first time on appeal); *and Cuyler v. Minns*, 60 S.W.3d 209, 212-14 (Tex. App.–Houston [14th Dist.] 2001, pet. denied) (same); *and Callaghan Ranch Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2000, pet. denied) (same); *with Barnes v. Sulak*, No. 03-01-00159-CV, 2002 WL 1804912, at *9 n.4 (Tex. App.–Austin Aug. 08, 2002, no pet.) (not designated for publication) (holding objection must be raised in the trial court); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 117 (Tex. App.–Waco 1999, no pet.) (same); *and Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194-95 (Tex. App.–Amarillo 1999, pet. denied) (same). We have never been required to decide this issue, although we have mentioned

13

it in prior decisions. *See, e.g., Los Cucos Mexican Café, Inc. v. Sanchez*, 2007 WL 1288820, at \*5 n.5 (Tex. App.–Corpus Christi May 3, 2007, no pet.) (mem. op.); *Galvan v. Tex. Low Cost Ins. Agency*, No. 13-00-593-CV, 2002 WL 34249760, at \*3 n.2 (Tex. App.–Corpus Christi May 16, 2002, no pet.) (not designated for publication).

Today, we join the majority of Texas courts, which have held that the lack of specificity of a motion for no-evidence summary judgment may be raised for the first time on appeal. The supreme court has held that a nonmovant need not object to the legal sufficiency of a traditional summary judgment and may raise that argument for the first time on appeal. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) ("Even if the non-movant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law."). We see no reason why the rule should be different when the motion challenged is filed under Rule 166a(i) on no-evidence grounds. *See Cimarron Hydrocarbons Corp.*, 143 S.W.3d at 563. Accordingly, we will review the Garcias' argument that the no-evidence motion failed to state the specific elements of their claims that State Farm sought to challenge.

We agree with the Garcias with respect to State Farm's first motion. State Farm's first motion for summary judgment stated that it was being brought under both subsections (c) and (i) of Texas Rule of Civil Procedure 166a. However, State Farm's only arguments on no-evidence grounds were that: (1) there was no evidence that it owed the Garcias more than it already paid; (2) there was no evidence that the Garcias had any complaint with the way State Farm handled their claims, other than that State Farm did not pay enough; and (3) there was no evidence of any misrepresentations by State Farm.

14

On appeal, State Farm claims that these arguments were sufficient to attack the Garcias' breach of contract claims and all of their "extra-contractual" claims. State Farm points out that the Garcias have not challenged the trial court's rulings with respect to the mold claims, which the supreme court has held are not covered losses under the policy. *See Feiss*, 202 S.W.3d at 753. With respect to the water damage claims, State Farm argues that there is no evidence to show that it owed the Garcias more than the $26,779.42 it already paid, and this is sufficient to defeat all the Garcias' claims.

However, a motion for no-evidence summary judgment that only generally attacks a factual theory, without specifying the elements of the claims being attacked, is insufficient to support a no-evidence summary judgment. *See Killam*, 53 S.W.3d at 3-4. Rule 166a(i) is clear in its requirement that the motion "must" state specifically the elements of the claim challenged, and the comment to the rule further provides that the "motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." TEX. R. CIV. P. 166a cmt. Here, State Farm's no-evidence motion did not state specifically which elements of the claims were being challenged, but rather, attacked one of the Garcias' factual theories without specifying which elements the theory allegedly supported. Accordingly, we will treat these arguments as traditional summary judgment grounds. *See Michael*, 41 S.W.3d at 751-52.[5]

---

[5] Other courts of appeals have held that the appropriate inquiry is whether the no-evidence motion provides "fair notice" of the elements for which there was no evidence. *See Roth v. FFP Operating Partners, L.P.,* 994 S.W.2d 190, 194 (Tex. App.–Amarillo 1999, pet. denied); *Cf. In re Estate of Hall*, No. 05-98-01929-CV, 2001 WL 753795, at *3 (Tex. App.–Dallas July 05, 2001, no pet.) (not designated for publication) (holding that a motion that failed to state the elements of the claims challenged did not provide "fair notice"). Recently, in dicta, this Court implied as much. *See Villarreal v. Del Mar College,* No. 13-07-00119-CV, 2009 WL 781750, at *3 & n. 21, *5 n. 45 (Tex. App.–Corpus Christi Mar. 26, 2009, no pet. h.) (mem. op.) (citing *Waite v. Woodward, Hall & Primm, P.C.,* 137 S.W.3d 277, 281 (Tex. App.–Houston [1st

15

The second, conditional motion for summary judgment, however, is a different story. First, State Farm's second motion clearly stated that there was no evidence that the Garcias suffered mental anguish. It stated that "mental anguish damages are limited to situations where the handling of a claim created anguish significant enough to seriously disrupt the insured's life." State Farm also argued that there was no evidence that its conduct caused the Garcias any such mental anguish.[6] *See* TEX. BUS. & COMM. CODE ANN.

---

Dist.] 2004, no pet.) (holding that by failing to reference Rule 166a(c) or to cite any evidence to establish claim as a matter of law, the plaintiff's motion failed to provide fair notice that motion was brought on traditional grounds)). However, in *Michael v. Dyke*, this Court rejected a "fair notice" standard when construing a no-evidence motion for summary judgment. 41 S.W.3d 746, 750-51 n. 3 (Tex. App.–Corpus Christi 2001, no pet.); *see also Hansler v. Nueces County*, No. 13-99-583-CV, 2001 WL 997350, at *3 (Tex. App.–Corpus Christi May 3, 2001, no pet.) (contrasting, in dicta, the "fair notice" standard under Rule 166a(c) with subsection (i)'s specificity requirement). We reaffirm that holding today, and we again hold that the "fair notice" standard does not apply to Rule 166a(i)'s requirement that the motion state specifically the elements for which there is no evidence. To the extent that *Villarreal* suggests otherwise, we note that the issue was not raised by the appellant, and our statements were dicta. *See Villarreal,* 2009 WL 781750, at *5 n. 45.

Generally, "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000). In other words, even though the pleading is not precise, if the responding party understood the allegations or the court, on review, can decipher the allegations, the pleading provided "fair notice." *See id.*; *see, e.g., 1994 Land Fund II v. Ramur, Inc.*, No. 05-98-00074-CV, 2001 WL 92696, at *6 (Tex. App.–Dallas Feb. 05, 2001, no pet.) (not designated for publication) (reviewing factual assertions in no-evidence motion for summary judgment and assigning assertions to elements of non-movant's claims by applying "fair notice" standard).

However, Rule 166a(i) and the comments thereto make clear that, with respect to the elements of the non-movant's claims being challenged, the movant must do more than provide "fair notice"—the movant "must" state the specific elements for which there is no evidence. TEX. R. CIV. P. 166a(i) & cmt. Even though by applying a "fair notice" standard, this Court could make an educated guess as to the elements being challenged, we decline to do so because: (1) the rule is clear as to its requirements and uses the mandatory term "must," (2) it is relatively easy to state the elements of a claim for which there is no evidence, and (3) a proper motion shifts the burden to the non-movant to come forward with evidence. Applying a "fair notice" standard would place too great a burden on the non-movant and would be clearly contrary to the express language of Rule 166a(i). *See Holloway v. Tex. Elec. Utility Constr., Ltd.*, No. 12-07-00427-CV, 2009 WL 765304, at *5 (Tex. App.–Tyler Mar. 25, 2009, no pet. h.); *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 824 n.4 (Tex. App.–Fort Worth 2008, no pet.); *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.–Houston [1st Dist.] 2007, no pet.); *Michael*, 41 S.W.3d at 751 n.3; *Callaghan Ranch Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2000, pet. denied).

[6] State Farm also presented evidence to support its no-evidence arguments. However, we cannot consider evidence submitted in support of a no-evidence motion for summary judgment, except to the extent that evidence raises a fact issue in the Garcias' favor. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

16

§ 17.50(a) (Vernon Supp. 2008) (allowing mental anguish damages for violations of DTPA and for violations of chapter 541 of the Texas Insurance Code); *see also Berry v. Covarrubias*, No. 14-03-01137-CV, 2004 WL 1631117, at *8 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (mem. op.) ("Berry presented no evidence of mental anguish. Thus, putting aside any admission on Berry's behalf, the trial court's ruling was correct on no-evidence grounds.").

Next, State Farm's second motion argued that the Garcias would only be entitled to statutory treble damages under the Texas Insurance Code if there were evidence that State Farm "knowingly" violated a statutory provision. *See* TEX. INS. CODE ANN. § 541.152 (Vernon Pamphlet 2008). State Farm argued that there was no evidence that it had acted knowingly; thus, the Garcias are not entitled to treble damages under the insurance code. Finally, State Farm argued that there was no evidence of malice, which State Farm argues would be required to support a claim for punitive damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a)(2) (Vernon 2008).

Although the Garcias' appellate brief points to the evidence they submitted in response to the second motion for summary judgment, they do not cite a single case or explain how this evidence supports their claims for mental anguish, treble damages under the insurance code, or punitive damages. *See* TEX. R. APP. P. 38.1(i). Accordingly, nothing is presented for our review.

In sum, we sustain the Garcias' fourth issue with respect to the no-evidence arguments in State Farm's first motion. However, we affirm the trial court's judgment that the Garcias are not entitled to recover mental anguish, treble damages for knowing

17

violations of the insurance code,[7] or exemplary damages for their extra-contractual claims based on malicious conduct. *See* Tex. R. App. P. 38.1(i); *Anderson v. Long,* 118 S.W.3d 806, 811 (Tex. App.–Fort Worth 2003, no pet.).[8]

## V. STATE FARM'S TRADITIONAL MOTION

By their third and fourth issues, the Garcias argue that State Farm failed to meet its burden to show that there are no genuine issues of material fact with respect to one or more elements of their claims, and that they proffered sufficient evidence to defeat the traditional motion. As part of these arguments, the Garcias also argue that the traditional motion did not negate any elements of their claims to the extent that these were based on State Farm's failure to pay for all their water damage, as opposed to mold damage.

First, the Garcias argue that the traditional motion was limited to their mold claims, which State Farm argued were precluded by the Texas Supreme Court's decision in *Feiss* and which the Garcias do not challenge on appeal. 202 S.W.3d at 753. The Garcias argue that because State Farm's traditional motion for summary judgment was based solely on the *Feiss* decision, the traditional motion has no effect on their claims for water damage to the home.

It is true that the motion for summary judgment argued that the Garcias' breach of contract claim was barred because mold damage is not covered by the policy, relying on

---

[7] We note that the DTPA allows treble damages if the consumer proves that the conduct was committed "intentionally." *See* Tex. Bus. & Comm. Code Ann. § 17.50(b)(1) (Vernon 2002). The Garcias, however, did not plead they were entitled to treble damages for State Farm's intentional conduct, but rather, limited their pleading to knowing violations. The Garcias, likewise, did not argue to the trial court that State Farm's conduct was intentional. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

[8] The Garcias' second issue argues that the trial court erroneously sustained State Farm's objections to their summary judgment evidence. However, we need not address the Garcias' second issue in order to affirm the summary judgment for failure to adequately brief how that evidence, if properly considered, supported their claims. *See* Tex. R. App. P. 47.1.

18

*Feiss.* The Garcias, however, have argued that State Farm's no-evidence arguments should be treated as traditional grounds for summary judgment. Accordingly, we will proceed in the manner suggested by the Garcias. *See Michael*, 41 S.W.3d at 751-52.

On appeal, State Farm argues that the Garcias' evidence fails to raise a fact issue because it does not demonstrate the amount that the Garcias actually spent on repairs, and more importantly, does not demonstrate that the Garcias spent more than the $26,779.42 already paid by State Farm. However, because we must treat State Farm's argument as raising a traditional ground, State Farm bore the initial burden to demonstrate that no genuine issue of material fact exists with respect to the Garcias' breach of contract claim. *Mason*, 143 S.W.3d at 798; *Grinnell*, 951 S.W.2d at 425; *Clear Creek Basin*, 589 S.W.2d at 678. State Farm has not done so.

State Farm attached the insurance policy to its motion for summary judgment. It provides:

> We will pay only the actual cash value of the damaged building structure(s) until repair or replacement is completed. . . . *Upon completion of repairs or replacement*, we will pay the additional amount claimed under replacement cost coverage, but our payment will not exceed the smallest of the following:
>
> (1)　the limit of liability under the policy applicable to the damaged or destroyed building structure(s);
>
> (2)　the cost to repair or replace that part of the building structure(s) damaged, with material of like kind and quality and for the same use and occupancy on the same premises; or
>
> (3)　the amount actually and necessarily spent on repair or replace the damaged building structure(s).

(Emphasis added). State Farm argues that its liability is limited to the amount the Garcias "actually and necessarily" spent to repair their home, and there is no evidence that the Garcias spent more than it already paid to repair the water damage. State Farm, however,

incorrectly assumes that its liability is limited to the amount the Garcias actually spent.

The contractual provision urged by State Farm as a limit of its liability only applies "[u]pon completion of repairs or replacement." State Farm did not present any evidence demonstrating that the repairs have been completed. In fact, State Farm's evidence included Ramon Garcia's deposition testimony, wherein he stated that the Garcias had not yet replaced the floors in their house because they ran out of money. *See Binur*, 135 SW.3d at 651 (providing that evidence attached to a no-evidence motion may be considered if it creates a fact issue). He testified that there was carpet that still needed to be replaced. Viewing the evidence in the light most favorable to the Garcias, this evidence shows that the repairs for the water damage to their home were not completed. Because the evidence shows that the Garcias had not completed the repairs to their home, it is impossible to determine the "amount actually and necessarily spent." Thus, State Farm's motion for summary judgment was based on a flawed premise. Accordingly, we reverse the trial court's summary judgment on the Garcias' breach of contract claim based on State Farm's failure to pay for water damage.

Second, State Farm argued that the Garcias' "extra-contractual" claims failed because there was no coverage. State Farm argued that to establish a breach of the duty of good faith and fair dealing, the Garcias had to prove that State Farm knew or should have known its liability was reasonably clear and that despite clear liability, it failed to attempt to effectuate a prompt, fair, and equitable settlement of the claim. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). State Farm argued that there can be no bad faith for failure to pay a claim that is not actually covered. *See Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). We agree with the Garcias that State Farm's

motion for summary judgment limited this argument to the Garcias' mold claims. This portion of the motion for summary judgment specifically argued that "[t]he *Feiss* ruling and terms of the policy excluding coverage for mold and [additional living expenses] establish that State Farm's liability was never reasonably clear." State Farm did not assert that its liability never became reasonably clear because it paid all it owed for water damage. Accordingly, the trial court's summary judgment was in error to the extent that it was granted on the Garcias' bad faith claims relating to the failure to pay for water damage.

State Farm likewise argued that when bad faith, insurance code, and DTPA claims "are premised on the same set of facts, the statutory claims depend on the existence of a valid bad faith claim." State Farm reasoned that because *Feiss* compels the conclusion that State Farm was not liable for a covered claim, the Garcias' extra-contractual claims necessarily fail along with their breach of contract claims. Again, we agree with the Garcias that this argument was limited to the Garcias' mold claims. Accordingly, the trial court's summary judgment was in error to the extent that it was granted on the Garcias' insurance code and DTPA claims relating to the failure to pay for water damage.

Third, State Farm presented testimony from the Garcias that they did not "know of any complaints" they had with respect to State Farm's handling of their claims "other than that . . . [they] haven't been paid enough." This argument was not limited to the Garcias' mold claims, and we find that the Garcias have not preserved their arguments against this ground for the summary judgment. As we noted above, although the Garcias' appellate brief points to the evidence they submitted in response to the motion for summary judgment, they do not cite a single case or explain how this evidence supports their extra-contractual claims, to the extent those are based on something other than State Farm's

failure to pay for water damage. Additionally, the Garcias' brief does not explain their testimony that they did not know of any other complaints with State Farm's handling of the claims. *See* TEX. R. APP. P. 38.1(i). Accordingly, we affirm the summary judgment on the Garcias' extra-contractual claims, to the extent those are based on something other than State Farm's failure to pay for all the water damage, as that is the extent of State Farm's argument to the trial court.

Furthermore, State Farm also argued that there was no evidence of any extra-contractual claims based on misrepresentations by State Farm, citing testimony from Anita Garcia to that effect and testimony from Ramon Garcia that he did not talk to anyone from State Farm. The Garcias alleged several causes of action based on misrepresentations by State Farm. TEX. BUS. & COMM. CODE ANN. § 17.50(a)(1), (4); *id.* § 17.46(b)(5), (7), (12), (24) (Vernon 2008); TEX. INS. CODE ANN. § 541.151 (Vernon Pamphlet 2008); *id.* § 541.051(1) (Vernon Pamphlet 2008); *id.* § 541.060(a)(1) (Vernon Pamphlet 2008); *id.* § 541.061 (Vernon Pamphlet 2008). On appeal, the Garcias do not explain their testimony, cite any cases, or point to any misrepresentations by State Farm. Accordingly, we affirm the summary judgment on the Garcias' statutory misrepresentation claims. TEX. R. APP. P. 38.1(i).

Fourth, State Farm argued that because "coverage is not afforded pursuant to the terms and conditions of the policy," the Garcias' insurance code claims fail as a matter of law. With respect to the mold claims, State Farm is correct, and the Garcias have not challenged that ruling on appeal. To the extent these general statements could be construed as challenging State Farm's liability for the water damage, we have already rejected State Farm's argument that they have no further liability under the policy. Thus,

22

to the extent the trial court granted summary judgment on the Garcias' insurance code claims based on this reasoning, we reverse the summary judgment on the insurance code claims.

Finally, State Farm argued that the Garcias did not incur any "additional living expenses," an element of their damages, because the house was inhabitable during the repairs, and the Garcias' daughter, Melinda Guerra, and her family were living in the residence during the entire time. State Farm presented testimony from Ramon Garcia to support this argument. The Garcias have not addressed this argument on appeal. *See* Tex R. App. P. 38.1(i). Therefore, we affirm the trial court's judgment to the extent it holds that the Garcias are not entitled to additional living expenses as an element of their damages.

## V. CONCLUSION

We affirm, in part, and reverse and remand, in part. Because the Garcias do not dispute that mold is not a covered loss under their homeowners policy, we affirm the summary judgment dismissing the Garcias' mold claims. We also affirm the trial court's summary judgment on the Garcias' claims for (1) mental anguish damages; (2) treble damages; (3) exemplary damages; and (4) damages for additional living expenses under the policy. We likewise affirm the trial court's summary judgment on the Garcias' insurance code and DTPA claims, to the extent those are based on "something other than State Farm's failure to pay for water damage" or are based on misrepresentations by State Farm. However, we reverse the trial court's judgment on the Garcias' claims for breach of contract and breach of the duty of good faith and fair dealing relating to water damage.

To further summarize, on remand, the claims still available to the Garcias are (1)

23

breach of contract and breach of the duty of good faith and fair dealing, and (2) violations of the insurance code and DTPA, to the extent those are based on State Farm's failure to pay for all the water damage to the Garcias' home. The damages available for these claims will not include: (1) mental anguish damages; (2) treble damages under the Insurance Code for conduct committed "knowingly," (3) exemplary damages based on malicious conduct, and (4) additional living expenses under the policy.

 

_____
GINA M. BENAVIDES,
Justice

Concurring Opinion by
Justice Linda Reyna Yañez.

Opinion delivered and filed this
the 30th day of April, 2009.