

NUMBER 13-12-00287-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KIMBERLY GASPARD,                                                     Appellant,

v.

DEBRA B. WESTER,                                                      Appellee.

On appeal from the 58th District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Garza and Perkes
Memorandum Opinion by Justice Garza

Appellant, Kimberly Gaspard, challenges the trial court's summary judgment

dismissing her legal malpractice and breach of contract claims against appellee Debra

B. Wester.  Gaspard argues by two issues that the trial court erred.  We reverse and

remand.

## I. BACKGROUND

Gaspard hired attorney Wester to represent her in divorce proceedings. A final decree of divorce was rendered in 2009. In 2010, Gaspard sued Wester for malpractice and breach of contract. Gaspard's petition did not state what actions or omissions by Wester, in particular, she alleged constituted malpractice; nor did it state what contractual provision was allegedly breached.[1]

Wester filed a motion for summary judgment which set forth a factual background of the case. According to Wester, Gaspard claimed in the divorce proceedings that the Groves, Texas house in which she and her ex-husband resided was community property. However, the evidence at trial established that, in fact, her ex-husband purchased the house prior to the marriage. *See* TEX. FAM. CODE ANN. § 3.001(1) (West 2006) (providing that a spouse's separate property consists of, inter alia, "the property owned or claimed by the spouse before marriage"). The final divorce decree declared the house to be the ex-husband's separate property.

---

[1] Gaspard's original petition, filed on July 21, 2010, and an amended petition filed on February 21, 2012, each contained an identical section entitled "Facts and Causes of Action." The section reads, in its entirety, as follows:

> 5.    The Plaintiff hired the Defendant to serve as her attorney in her divorce. During the course of the divorce, the Defendant committed attorney malpractice, thereby proximately causing actual and consequential damages to the Plaintiff, for which the Plaintiff now sues. That is, the Plaintiff sues the Defendant for negligence during the course and scope of her legal representation of Plaintiff, and seeks to recover actual and consequential damages proximately caused by the negligence of the Defendant.

> 6.    Plaintiff also sues Defendant for breach of contract, and seeks to recover all actual and consequential damages proximately caused by the breach of contract, as well as to recover all attorneys' fees, costs and expenses incurred in prosecuting the breach of contract cause of action.

No other details as to Gaspard's allegations appear in her pleadings.

Also at issue in the divorce, according to Wester's motion, was Gaspard's alleged liability for a home equity loan executed by both spouses after the parties married, which was secured by the house. The funds obtained were allegedly used, in part, to improve the Groves house. The final divorce decree provided that the ex-husband was exclusively responsible for repaying the loan. However, the decree did not contain any provision compensating Gaspard for any community funds expended on making home improvements.

Wester's summary judgment motion included a transcript of Gaspard's deposition, taken in connection with her suit against Wester, in which Gaspard claimed to be entitled to one-half of the value of the house "[b]ecause I'm on the deed to the home after we refinanced it, and I'm also on the mortgage of it." Gaspard suggested in her deposition testimony that her ex-husband had executed a deed granting her a one-half interest in the house. She claimed that she obtained a copy of the document from the county courthouse and gave the document to her attorney in the malpractice suit; however, Wester's counsel stated that no such document had been produced in discovery. Gaspard testified that she did not give the document to Wester at the time Wester represented her because Wester "said she was getting all the information because she could go to the county clerk's office" and Gaspard "was believing and going on everything she told me."

Gaspard also provided details of her claim in a response to the following interrogatory propounded by Wester:

7. Please describe in detail the manner in which you contend you have been damaged, detailing the damages and/or expenses incurred by you as a result of the incident complained of in Plaintiff's Original Petition and all subsequent petitions.

3

**ANSWER:**

Failure to address loan in ex-husband's name only in Divorce Decree has caused the following damages:

Loss of equity in home
Harm to credit due to foreclosure
Unable to get loan due to foreclosure
Unable to get job due to foreclosure
Mental anguish from foreclosure

Also, [Gaspard] had a right to obtain credit for the equity that was built into the home during the period of their marriage, since the payments made on the mortgage were community property. [Wester] also did not address this, resulting in loss of the equity set forth above. Also, [Wester] should have requested a forced sale of the residence, because [Wester] had actual knowledge that [the ex-husband] was behind on the Note and was not in a position to continue making payments on the home.

Additionally, [Wester] put no safe guards in the clearly evident circumstance that [the ex-husband] was not going to be able to obtain financing to refinance the home in his own name.

In her summary judgment motion, Wester claimed she was entitled to judgment as a matter of law on the malpractice and breach of contract claims because: (1) Gaspard "has no and never had any ownership interest" in the Groves home; (2) "[n]o deed exists conveying a one-half interest in the property" to Gaspard; and (3) the divorce court was "without authority to order [the ex-husband] to either refinance the home or order the separate property home sold" and "no personal liability was attached to the home equity loan."

Attached to Wester's motion was an affidavit by attorney Ken N. Whitlow, testifying as an expert witness. Whitlow averred that title to the home was never vested in Gaspard because it was purchased by her ex-husband prior to the marriage and "[t]here is no deed of record in the Official Public Records of Jefferson County in favor of

4

[Gaspard]" as to the home. Whitlow stated that Gaspard's signature on the Deed of Trust executed in connection with the home equity loan did not confer or infer ownership of the home to Gaspard because her signature was required by the Texas Constitution and the Texas Family Code. *See* TEX. CONST. art. XVI, § 50(a)(6)(A) ("The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for . . . an extension of credit that . . . is secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse."); TEX. FAM. CODE ANN. § 5.001 (West 2006) ("Whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber the homestead without the joinder of the other spouse except as provided in this chapter or by other rules of law."). Whitlow averred that the divorce court could not have ordered the ex-husband to refinance the loan or sell the home because the home "was confirmed as the [ex-husband]'s separate property."

In response to the summary judgment motion, Gaspard provided an affidavit which stated:

> During the course of my marriage, my husband and I took out a Home Equity Loan. We both signed this loan as Borrowers. The Home Equity Loan was for $80,000.00. $20,000.00 was applied for back taxes, and the remainder of the loan was applied for improvements and updates to the house, as well as catching up on the house note.
>
> I told my attorney, Debra Wester[,] what this Home Equity Loan was used for. I specifically asked if I had a right to reimbursement or to have the house sold to get reimbursement for my share of the payments for this loan and also to get protection for my liability for this loan, and she told that I did not. I contend that Ms. Wester committed attorney malpractice by not properly advising me of my rights regarding this Home Equity Loan vis-à-vis the house my husband I lived in while we were married.

5

The trial court granted summary judgment and this appeal followed.[2]

## II. DISCUSSION

### 1. Standard of Review

Wester's motion for summary judgment does not explicitly state whether it was brought on traditional or no-evidence grounds. However, the motion relies heavily on Whitlow's affidavit, and it fails to specify which, if any, elements of Gaspard's causes of action lack evidentiary support. *Cf.* TEX. R. CIV. P. 166a(i) (stating that a no-evidence motion for summary judgment is made "without presenting summary judgment evidence" and "must state the elements as to which there is no evidence"). Accordingly, we construe Wester's motion as asserting traditional grounds for summary judgment. *See* TEX. R. CIV. P. 166a; *see also Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.) (noting that, when it is not readily apparent that summary judgment is sought on no-evidence grounds, "the court should presume that it is filed under the traditional summary judgment rule and analyze it according to those well-recognized standards").

We review the trial court's granting of a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Mena v. Lenz*, 349 S.W.3d 650, 652 (Tex. App.—Corpus Christi 2011, no pet.). In our review, we determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof and all doubts about the existence of a genuine issue

---

[2] This appeal was transferred from the Ninth Court of Appeals to this Court pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661.

We will affirm a traditional summary judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 817 (Tex. App.—Corpus Christi 2009, pet. denied). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Only when the movant has produced sufficient evidence to establish its right to summary judgment does the burden shift to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999); *Garcia*, 287 S.W.3d at 817.

When, as here, an order granting summary judgment does not state the specific grounds on which it was granted, we will uphold it on any meritorious ground presented in the motion. *Cincinnati Life Ins. Co. v. Cates*, 947 S.W.2d 608, 610 (Tex. 1997).

2.    **Applicable Law**

To establish a legal malpractice claim, a plaintiff must demonstrate that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Belt v.*

7

*Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995); *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). If a legal malpractice case arises from prior litigation, the plaintiff must prove that, "but for" the attorney's breach of his duty, the plaintiff would have prevailed in the underlying case. *Rangel v. Lapin*, 177 S.W.3d 17, 22 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The attorney's conduct must be evaluated by the fact-finder based on the information the attorney had at the time of the alleged act of negligence. *Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 530 (Tex. App.—Austin 2004, no pet.). If an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstances, it is not an act of negligence even if the result is undesirable. *Cosgrove*, 774 S.W.2d at 665.

To recover for breach of contract, a plaintiff must show (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages resulting from that breach. *See, e.g., Garcia*, 287 S.W.3d at 825.

### 3.    Analysis

By her first issue on appeal, Gaspard argues that summary judgment was improper because the only basis for judgment raised in Wester's motion was that the house at issue was the separate property of Gaspard's ex-husband.

We agree. The parties do not appear to dispute the fact that Gaspard's ex-husband acquired and paid for the subject property prior to the marriage. Further, Whitlow's affidavit established that there was no publicly-filed instrument purporting to grant Gaspard any interest in the property. However, as illustrated above, Gaspard's

8

pleadings were broad and open-ended. Although Gaspard indicated at her deposition that she believed Wester was negligent by failing to discover the alleged "deed" granting her a one-half interest in the house, Gaspard's pleadings did not limit her causes of action to that particular claim.[3]

In fact, Gaspard's interrogatory response[4] and affidavit suggest that she abandoned the claim regarding an alleged ownership interest in the house, and that her claims were instead based on two separate allegations: (1) that Wester was negligent by failing to seek "credit for the equity that was built into the home during the period of their marriage, since the payments made on the mortgage were community property"; and (2) that Wester negligently failed to seek the removal of Gaspard as a liable party on the home equity loan, leading to damage to her credit rating when her ex-husband eventually defaulted on the loan. These claims—whether based on malpractice or breach of contract theories—are not dependent, as Wester's summary judgment motion argues, on a showing that Gaspard possessed an ownership interest in the house, nor are they dependent on a showing that the divorce court was authorized to order Gaspard's ex-husband to refinance the home equity loan or sell the house.[5] Gaspard's

---

[3] Wester did not complain, before the trial court or on appeal, that Gaspard's pleadings were insufficiently specific, and she did not file special exceptions or any motion to clarify Gaspard's pleadings. Any such argument has therefore been waived. *See* TEX. R. APP. P. 33.1(a); TEX. R. CIV. P. 90, 91; *see also Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("When there are no special exceptions, a petition will be construed liberally in favor of the pleader. . . . [T]he court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged.") (citations omitted).

[4] Generally, a party cannot rely on its own answer to an interrogatory as summary judgment evidence. *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000). However, here, Wester introduced Gaspard's interrogatory response into evidence. Moreover, neither party argued before the trial court or on appeal that the response was not proper summary judgment evidence. *See* TEX. R. APP. P. 33.1(a). In any event, the substance of Gaspard's claims was made clear in her affidavit, which was undoubtedly proper summary judgment evidence.

[5] The family code provides that a party in a divorce proceeding may assert a "claim for

malpractice and breach of contract claims were therefore not negated by Whitlow's affidavit or by any other evidence or argument made by Wester in her motion. Because Wester did not establish her entitlement as a matter of law on Gaspard's claims, summary judgment was improper. *See* Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979) (holding that a trial court may grant summary judgment only on grounds presented by the movant in writing).

Gaspard's first issue is sustained.[6]

### III. CONCLUSION

The judgment of the trial court is reversed, and we remand the cause for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
2nd day of May, 2013.

---

reimbursement" and that such claims must be resolved by the trial court "using equitable principles." Tex. Fam. Code Ann. § 3.402(b) (West Supp. 2011). A "claim for reimbursement" includes, inter alia, a claim for "the reduction of the principal amount of that part of a debt, including a home equity loan: (A) incurred during a marriage; (B) secured by a lien on property; and (C) incurred for the acquisition of, or for capital improvements to, property . . . ." *Id.* § 3.402(a)(5). The family code further provides that "[o]n dissolution of a marriage, the court may impose an equitable lien on the property of a benefited marital estate to secure a claim for reimbursement against that property by a contributing marital estate." *Id.* § 3.406 (West Supp. 2011). Gaspard appears to contend, in her affidavit, that Wester was negligent in failing to seek this remedy on her behalf. Wester's summary judgment motion fails to conclusively negate any element of a cause of action based on this allegation.

[6] By her second issue, Gaspard contends that material fact issues preclude summary judgment. We need not address this issue because of our conclusion herein that Wester did not establish her entitlement to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 47.1; *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

10